SUCN. DE PEDRO CALDERÓN, demandante y apelante, *v.* LUCIANO R. FUERTES y su esposa LUISA DE LA HABA, demandados; EL PUEBLO DE PUERTO RICO, demandado y apelado.

Núm. 7162.—*Sometido:* Febrero 2, 1938. *Resuelto:* Julio 30, 1938.

*H. Torres Solá,* abogado de la apelante; *Hon. Procurador General B. Fernández García (R. Cordovés Arana, Procurador General Auxiliar,* en el alegato) y *Pablo Defendini, Subprocurador,* abogados del apelado; *Gabriel de la Haba,* abogado de los demandados.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Los demandados Luciano R. Fuertes y su esposa constituyeron hipoteca voluntaria en garantía de un préstamo de $15,000 que les hiciera el Sr. Pedro G. Calderón. La hipoteca se hizo extensiva a nueve fincas rústicas, entre las cuales figura una denominada "Rosalía," de 69.64 cuerdas, y otra de 8 cuerdas.

En 18 de marzo de 1932, las dos mencionadas fincas fueron vendidas a El Pueblo de Puerto Rico en virtud de subasta celebrada en la Colecturía de Rentas Internas de

Naguabo, P. R., en procedimiento de apremio para el cobro de contribuciones territoriales impuestas a las fincas hipotecadas y de la suma de $1,378.80 adeudada por Fuertes por concepto de contribuciones sobre ingresos. Los certificados de venta fueron inscritos en cuanto a ambas fincas, a favor de El Pueblo de Puerto Rico, con sujeción al derecho de redención a favor de los anteriores dueños.

Vencida la hipoteca y habiendo fallecido el acreedor original, la Sucesión de Pedro G. Calderón radicó demanda para el cobro de su crédito hipotecario por la vía ordinaria, dirigiendo su acción contra Luciano R. Fuertes y su esposa Luisa de la Haba. En la súplica se pide entre otras cosas:

(*a*) Que para satisfacer las cantidades hipotecariamente garantizadas se vendan en pública subasta las nueve fincas hipotecadas.

(*b*) Que El Pueblo de Puerto Rico sea emplazado, de acuerdo con la Sección 5ª. de la Ley núm. 14 de 24 de agosto de 1933, "por haberse adjudicado las fincas descritas bajo los números 1 y 2 en el párrafo tercero de esta demanda, y en cuyo precio fueron incluídas contribuciones sobre ingresos y recargos, posteriores a la constitución e inscripción de la hipoteca que ejecuta la demandante"; y que se ordene la cancelación de las inscripciones practicadas en el registro a favor de El Pueblo de Puerto Rico como adjudicatario de dichas dos fincas en la subasta de 18 de marzo de 1932.

El Pueblo de Puerto Rico formuló excepción previa a la demanda, basándola en cinco fundamentos, a saber:

1. Falta de jurisdicción de la Corte inferior para conocer de la acción en cuanto al Pueblo de Puerto Rico se refiere, por no haber éste otorgado su consentimiento para ser demandado.

2. Que existe otra acción pendiente entre las mismas partes.

3. Indebida acumulación de acciones.

4. Insuficiencia de los hechos alegados en la demanda para constituir causa de acción contra el Pueblo de Puerto Rico.

5. Que la demanda es ambigua, ininteligible y dudosa.

Los demandados esposos Fuertes comparecieron y se allanaron a la demanda y se dictó sentencia en su contra el

día 3 de diciembre de 1934. El día 10 del mismo mes, la corte inferior dictó sentencia declarando con lugar la excepción previa de falta de jurisdicción y desestimando la demanda en cuanto a El Pueblo de Puerto Rico respecta, sin especial condenación de costas. Apeló la Sucesión demandante, señalando como errores de la corte inferior el haber basado su sentencia en el hecho de que las dos fincas fueron adjudicadas al Pueblo de Puerto Rico antes de la aprobación de la Ley núm. 14 de 24 de agosto de 1933 (Leyes de 1933, Sesión Especial, pág. 77) y al resolver que la demanda no era enmendable.

La decisión que dictemos en este caso debe basarse necesaria y exclusivamente en las constancias de los autos que tuvo ante sí la corte inferior y que han sido elevadas a este tribunal, y no en alegaciones de hechos nuevos presentados por primera vez en los alegatos sometidos a esta Corte Suprema.

Antes de considerar la cuestión jurisdiccional debemos examinar cuidadosamente las alegaciones de la demanda interpuesta por los apelantes, para determinar si la causa de acción que se trata de ejercitar en contra de El Pueblo de Puerto Rico es una para la cual éste ha otorgado su consentimiento para ser demandado.

Los demandantes alegan que con anterioridad a la fecha en que se radicó la demanda, dos de las nueve fincas hipotecadas habían sido vendidas en pública subasta para el cobro de contribuciones y adjudicadas a El Pueblo de Puerto Rico e inscritas a su nombre, "estando ambas parcelas sujetas al derecho de redención." Alegan además, que dichas dos parcelas fueron vendidas para cobrar contribuciones territoriales y la suma de $1,378.80 por concepto de contribuciones sobre ingresos adeudadas por los dueños de dichos inmuebles.

Tomando las anteriores alegaciones como base, resulta de ellas que en la fecha en que se interpuso la demanda El Pueblo de Puerto Rico era dueño por adjudicación de

las dos parcelas de terreno. Su título estaba sujeto a la condición de revertir al antiguo dueño tan pronto como éste o el acreedor hipotecario redimiesen las propiedades mediante el pago del montante de las contribuciones territoriales por las cuales se había hecho la venta y adjudicación. Mientras no se efectúa la redención, El Pueblo de Puerto Rico es y debe ser considerado como único dueño de la propiedad que le ha sido adjudicada, sin que tenga que responder en manera alguna de los gravámenes hipotecarios existentes sobre la finca, toda vez que las contribuciones sobre una propiedad, por tres años y la anualidad corriente constituyen un gravamen a favor de El Pueblo de Puerto Rico con preferencia sobre cualquiera otro gravamen existente sobre la misma propiedad. Sección 1, Ley núm. 14 de agosto 24, 1933. (Leyes de 1933, Sesión especial, pág. 77). Por lo tanto, no estando obligado El Pueblo de Puerto Rico a satisfacer los gravámenes que pudieran existir sobre la propiedad adjudicádale, el acreedor hipotecario que desee salvar su crédito, impidiendo que éste sea cancelado al expirar el período de redención, está obligado necesariamente a redimir la finca mediante el pago al Tesoro público de la suma por la que se hizo la adjudicación, como condición previa para que pueda ejercitarse la acción en contra del deudor hipotecario. La ley así lo reconoce al disponer que cuando el acreedor hipotecario se ve obligado a pagar las contribuciones que su deudor dejare de pagar o a redimir la finca cuando ésta hubiere sido vendida en procedimientos para el cobro de contribuciones, dicho acreedor podrá acumular a su crédito hipotecario el dinero que hubiere pagado para redimir la finca, y podrá recobrar ese dinero al mismo tipo de interés que devengue su crédito hipotecario. Véase: Artículo 348 Código Político, Estatutos Revisados 1911, sec. 3014.

Mientras la propiedad ejecutada por El Pueblo de Puerto Rico y adjudicádale en pago de contribuciones permanece irredenta e inscrita a nombre del Pueblo, éste es el poseedor

■■■■■■■ ■■■

del título legal, libre de gravámenes. El dueño anterior y el acreedor hipotecario sólo tienen un derecho de redención, o sea un "equitable title," para redimir la finca dentro del término de un año contado desde la fecha del certificado de adjudicación. Y el citado artículo 348 del Código Político dispone expresamente:

"...y la propiedad así redimida quedará sujeta a todas las cargas y reclamaciones legales contra ella, que no fueren por contribuciones, en la misma amplitud y forma como si no se hubiere vendido dicha propiedad para el pago de contribuciones."

La hipoteca que se trata de ejecutar por esta acción no puede ser ejecutada contra El Pueblo de Puerto Rico por haber éste adquirido las dos fincas a virtud de la ejecución de un gravamen que tenía preferencia sobre el crédito de los demandantes. Éstos no pueden ejecutar la hipoteca mientras no hayan redimido las fincas mediante el pago del montante de la adjudicación. La demanda no alega que tal redención se hubiere efectuado con anterioridad a la interposición de la demanda, y por el contrario alega que las fincas están sujetas al derecho de redención. Es cierto que se alega que los deudores hipotecarios solicitaron el aplazamiento de las contribuciones territoriales; pero no se alega que tal aplazamiento haya sido concedido.

■ Los apelantes basan su alegado derecho a demandar a El Pueblo de Puerto Rico en las disposiciones de la Ley núm. 14 de 24 de agosto de 1933, (Leyes de 1933, Sesión Especial, pág. 77), que en lo pertinente dispone:

"Sección 1.—Por la presente se declaran gravámenes preferentes a toda otra carga o gravamen por contribuciones o por cualquier otro concepto, los créditos hipotecarios y los créditos refaccionarios, con excepción de las contribuciones sobre la propiedad gravada por tres años y la anualidad corriente.

"2. .     .     .     .     .     .     .

"3. Se declara que esta Ley tendrá y tiene efecto retroactivo en cuanto a cargas y gravámenes por contribuciones adeudadas que no sean sobre la propiedad y a las cuales de acuerdo con las disposiciones

de leyes anteriores a ésta se les hubiera dado el carácter de gravamen preferente.

"4. . . . . . . .

"5. Las contribuciones impuestas por la 'Ley de Contribuciones sobre Ingresos de 1924,' y las cuotas de indemnizaciones a obreros, sus penalidades, recargos e intereses, serán cobrados por el Tesorero de Puerto Rico mediante el mismo procedimiento de apremio establecido por la ley para el cobro de contribuciones sobre la propiedad, pero el embargo que se practique sobre bienes inmuebles y derechos reales solamente tendrá preferencia desde la fecha de su inscripción en el registro y únicamente sobre gravámenes y cargos posteriores a dicha fecha. El registrador de la propiedad al recibir la notificación del embargo tomará nota de la misma al margen o a continuación de las inscripciones de las fincas o derechos reales del contribuyente. El Tesorero de Puerto Rico, por sí o por medio de sus empleados deberá acudir al Registro de la Propiedad procedente para anotar el correspondiente embargo sobre los bienes inmuebles o derechos reales que figuren a favor del deudor, tan pronto tal contribución haya sido impuesta; *Disponiéndose,* que si El Pueblo de Puerto Rico se adjudicare para el cobro de esta contribución y sus recargos una propiedad sujeta a un gravamen anterior, el dueño de tal gravamen podrá ejecutarlo contra dicha propiedad haciendo a El Pueblo de Puerto Rico parte demandada en el procedimiento que se sigue, para lo cual El Pueblo de Puerto Rico otorga su consentimiento."

Es indudable que si la venta y adjudicación hechas a El Pueblo de Puerto Rico en 18 de marzo de 1932, en cuanto a las contribuciones sobre ingresos respecta, se hubiesen hecho con posterioridad a la fecha en que empezó a regir la Ley núm. 14, supra, los demandantes tendrían un derecho claro e indiscutible, de acuerdo con la sección 5, supra, para ejecutar su hipoteca, haciendo a El Pueblo de Puerto Rico parte demandada en el procedimiento.

¿Erró la corte inferior al sostener como sostuvo que la Ley núm. 14 no podía tener efecto retroactivo, por no tratarse de "contribuciones adeudadas" y sí de contribuciones ya pagadas mediante venta y adjudicación de bienes del deudor, hechas con anterioridad a la aprobación de la Ley núm. 14, supra, y al amparo de la legislación anterior?

(Sección 83, Ley de Contribuciones sobre Ingresos de 1924, Leyes de 1925, pág. 547.)

Opinamos que la corte de distrito interpretó correctamente el estatuto. La disposición de la Sección 5, supra, de que "si El Pueblo de Puerto Rico *se adjudicare* para el cobro de esta contribución y sus recargos una propiedad sujeta a un gravamen anterior, el dueño de tal gravamen podrá ejecutarlo contra dicha propiedad haciendo a El Pueblo de Puerto Rico parte demandada en el procedimiento que se sigue, para lo cual El Pueblo de Puerto Rico otorga su consentimiento," es de carácter prospectivo, como lo indica el uso del futuro imperfecto *se adjudicare,* en vez del pretérito imperfecto *se hubiera o se hubiese adjudicado.*

La sección 3, supra, no hace aplicable retroactivamente las disposiciones de la sección 5 a un caso como el de autos, pues dispone claramente que "esta Ley tendrá efecto retroactivo en cuanto a cargas y gravámenes *por contribuciones adeudadas* que no sean sobre la propiedad," o sea en cuanto a contribuciones que estuviesen adeudándose y pendientes de cobro en la fecha en que comenzó a regir la ley, pero no en cuanto a contribuciones sobre ingresos cobradas un año y ocho meses antes de comenzar a regir la ley que los apelantes pretenden aplicar retroactivamente.

Por las razones expuestas debemos resolver que la corte inferior no erró al declarar que El Pueblo de Puerto Rico no había dado su consentimiento para ser demandado en una causa de acción como la que se trata de ejercitar en este caso y que por lo tanto carecía de jurisdicción sobre tal demandado.

La desestimación del primer error trae como consecuencia la del segundo. La demanda no era susceptible de enmiendas y no erró la corte al dictar sentencia sobre las alegaciones.

*Se confirma la sentencia apelada.*

El Juez Asociado Señor Wolf disintió.*

El Juez Asociado Señor De Jesús no intervino.

---

* Nota: Véase el prefacto.